IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY E. ROBINSON SR., | ) | 8:08CV285 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

    The plaintiff filed his complaint on July 7, 2008. (Case No. 8:08CV285, Filing No. 1.) The plaintiff has previously been given leave to proceed in forma pauperis. (Case No. 8:08CV285, Filing No. 6.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

    After careful review, the court has serious concerns regarding whether the plaintiff's complaint alleges claims previously litigated in case number 8:06CV322. (Case No. 8:08CV285, Filing No. 1 at CM/ECF p. 5; Case No. 8:06CV322, Filing No. 1.) In the plaintiff's prior case (case no. 8:06CV322), this court adjudicated numerous claims on the merits (by way of summary judgment) and entered judgment in favor of the defendant Burlington Northern-Santa Fe Railway Company ("BNSF"). (Case No. 8:06CV322, Filing Nos. 103 and 104 (judgment entered March 17, 2008).)

    "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Carter v. Kansas City S. Ry. Co.*, 456 F.3d 841, 848 (8th Cir. 2006) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979)). To ensure that the plaintiff is not attempting to re-litigate the same claims in violation of the doctrine of res judicata, he must submit additional information to the court. The plaintiff's

complaint references a right-to-sue letter which he received on April 14, 2008, from the Equal Employment Opportunity Commission. (Case No. 8:08CV285, Filing No. 1 at CM/ECF p. 5.) The plaintiff should submit to the court within 30 days the April 14, 2008, right-to-sue letter referenced in the complaint, and the charge of discrimination which led to the April 14, 2008, right-to-sue letter. In the event that the plaintiff fails to submit the requested information, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED that:

1. No later than **September 22, 2008**, the plaintiff shall submit to the court the April 14, 2008, right-to-sue letter referenced in his complaint, and the charge of discrimination which led to the April 14, 2008, right-to-sue letter.

2. In the event that the plaintiff fails to submit the requested information, this matter will be dismissed without further notice.

3. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: September 22, 2008: deadline for submission of right-to-sue letter and charge.

Dated August 26, 2008.

                                        BY THE COURT

                                        s/ Warren K. Urbom
                                        United States Senior District Judge