IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY E. ROBINSON, SR., | ) | 8:08CV285 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on its own motion. On August 26, 2008, the court conducted an initial review of the Complaint. (Filing No. 7.) In that Memorandum and Order, the court expressed its concern that the plaintiff was attempting to re-litigate issues previously litigated in Case No. 8:06CV322. (*Id.*) The court permitted the plaintiff time to submit the right-to-sue letter and charge of discrimination underlying the Complaint in this matter. (*Id.* at CM/ECF p. 2.) On September 18, 2008, the plaintiff submitted the requested information. (Filing No. 8.)

After careful review, the court has determined that the plaintiff's Complaint alleges claims previously litigated in case number 8:06CV322. (Case No. 8:08CV285, Filing No. 1 at CM/ECF p. 5; Case No. 8:06CV322, Filing No. 1.) In the plaintiff's prior case (case no. 8:06CV322), this court adjudicated the plaintiff's claims on the merits (by way of summary judgment) and entered judgment in favor of defendant Burlington Northern-Santa Fe Railway Company ("BNSF"). (Case No. 8:06CV322, Filing Nos. 103 and 104 (judgment entered March 17, 2008).) In its Memorandum and Order granting summary judgment in favor of the defendant, the court noted that:

> On September 28, 2006, the plaintiff filed a charge of discrimination with the NEOC and EEOC alleging that the defendant retaliated against

him and discriminated against him based upon his race, color, sex, and age by failing to hire him "for laborer, truck driver, welder, and foreman positions" that the plaintiff applied for "[i]n June or July of 2005." (Def.'s Index, Ex. 77-61. See also Def.'s Facts ¶ 41.) The resolution of this charge, if there has been one, has not been revealed to me.

(Case No. 8:06CV322, Filing No. 103.) Rather than wait for a resolution, however, the court decided the claims raised in the September 28, 2006, charge of discrimination on the merits as if the plaintiff has already received his right to sue letter. (*Id.*) The plaintiff's current Complaint asserts the same claims, which are based on the September 28, 2006, charge of discrimination. The plaintiff mistakenly believes that the recently-received right to sue letter resolving the September 28, 2006, charge permits him to re-file his claims.

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Carter v. Kansas City Southern Ry. Co.*, 456 F.3d 841, 848 (8th Cir. 2006) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979)). The plaintiff's current suit is against the same defendant, and alleges the same operative facts as his prior suit. (Case No. 8:08CV285, Filing No. 1 at CM/ECF p. 5; Case No. 8:06CV322, Filing No. 1.) As such, the doctrine of res judicata bars the plaintiff's current suit. The plaintiff's recent receipt of a right to sue letter has no effect on the previous judgment. This is particularly true where, as in the previous case, the court noted that the September 28, 2006, charge had not been resolved but nevertheless decided the claims on the merits as if the plaintiff had already received a right to sue letter.

IT IS THEREFORE ORDERED that:

1. The plaintiff's Complaint (case no. 8:08CV285, filing no. 1) is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated November 17, 2008.

                              BY THE COURT

                              s/ Warren K. Urbom
                              United States Senior District Judge